MOSE L. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 7162-80.
United States Tax Court
T.C. Memo 1982-2; 1982 Tax Ct. Memo LEXIS 743; 43 T.C.M. (CCH) 248; T.C.M. (RIA) 82002; January 5, 1982. Mose L. Johnson, pro se. Linda J. Wise, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $ 1,674. The issues for decision are (1) the amounts petitioner is entitled to deduct as moving expenses, miscellaneous deductions and employee business expenses for the year 1977; and (2) what amount did petitioner pay to his former wife as alimony in 1977. [1]
*744 FINDINGS OF FACT Petitioner, who resided in Birmingham, Alabama at the time of the filing of his petition in this case, filed a joint Federal income tax return for the calendar year 1977 with his wife, Linda F. Johnson. During the entire year 1977, petitioner was a bus driver for Greyhound Lines, Inc. During the first part of the year, he was stationed in New Orleans. However, his post of duty was transferred to Birmingham, Alabama during the year and, because of this transfer, he moved himself and his family from New Orleans to Birmingham. On September 15, 1977, petitioner was temporarily assigned to drive a bus with a starting destination of Montgomery, Alabama and he was on this temporary assignment for the remainder of the year. Because he was attending classes at the University of Alabama at Birmingham, petitioner did not obtain a room in Montgomery but rather drove from his home in Birmingham each day to commence his run from Montgomery, and, if his run concluded on that day, drove back to Birmingham in the evening. If his run extended over a period of more than one day, he would spend the night at the designated rest stopover, drive the bus the next day back to Montgomery *745 and return by automobile from Montgomery to Birmingham. There was no bus service from Birmingham to Montgomery and return which it was feasible for petitioner to use to meet the time requirements of his driving schedule starting in Montgomery. On many of petitioner's runs, when he was stationed in New Orleans and when he was driving out of Birmingham, he would be required to stay overnight for rest. In these situations he incurred expenses for food and lodging. Petitioner kept a log on which he showed meals eaten and where the meals were eaten and he kept receipts for his overnight stays. Petitioner in his log showed the cost of meals on the days when he was not away from home overnight as well as the cost of meals on the days when he was away from home overnight. Petitioner was required to wear uniforms and was not reimbursed for the cleaning of these uniforms. Petitioner paid union dues and incurred telephone expenses in connection with his employment. Petitioner had moving expenses from New Orleans to Birmingham of $ 346.04 for items directly connected with moving his furniture and family from New Orleans to Birmingham. Petitioner owned a house in Birmingham that had *746 been rented. When he moved back to Birmingham, he decided to make certain repairs and improvements to his house before moving into it. These repairs and improvements cost him a total of $ 1,508.59. Petitioner paid union dues of $ 180.15 in 1977 and had business telephone expenses of $ 89.60. [2] Petitioner, in 1977, spent $ 295.45 on cleaning of his uniforms. [3] Petitioner's wife worked during part of 1977 as a librarian for the City of Birmingham. Her work was on a bookmobile and she wore ordinary clothes in the performance of her duties. Petitioner's wife spent a total of $ 174.16 for having the ordinary clothes she wore in her work drycleaned in 1977. Petitioner drove his automobile a total of 71 round trips from Birmingham to Montgomery during 1977 while he was temporarily employed in Montgomery. The round trip distance was approximately 180 miles, making total mileage driven in connection with his temporary work in Montgomery 12,780 miles. [4] Petitioner, in 1977, paid a total amount of *747 $ 1,110 to his ex-wife as alimony. During the year 1977, petitioner spent a total of $ 536.66 for meals and lodging with respect to bus trips which he drove where he was required to be away from his assigned post of duty overnight. Petioner, on his Federal income tax return, deducted miscellaneous expenses of $ 924.95, composed of union dues of $ 180.15, uniform cleaning of $ 478.91, tools and equipment of $ 176.29, and business phone use of $ 89.60. He claimed a moving expense deduction of $ 1,854.63 in connection with his move from New Orleans to Birmingham and an employee business expense deduction of $ 3,296.84 composed of meals and lodging of $ 1,824.08 and automobile expenses of $ 1,472.76. Respondent *748 in his notice of deficiency disallowed all petitioner's claimed moving expenses and employee business expense deduction. Respondent also disallowed petitioner's claimed dependency exemption for his daughter by a prior marriage. Petitioner in his petition claimed that amounts he paid to his ex-wife in 1977 were properly deductible as alimony payments. [5]
OPINION Ordinarily, items such as moving expenses are non-deductible family and living expenses. However, section 217 [6] allows a deduction to a taxpayer for moving expenses in connection with commencement of work at a new principal place of employment. Section 217 defines moving expenses to mean the reasonable expenses of moving household goods and personal effects from the former residence to the new residence, of traveling, including meals and lodging, from the former residence to the new place of residence, certain travel expenses in connection with the searching for a new residence and meals and lodging while occupying *749 temporary quarters in the general location of the new principal place of work during a period of 30 days after obtaining employment and certain expenses in connection with the sale of the old residence and the purchase of a new residence, or the settlement cost of an unexpired lease or the cost of a new lease. Since, except as allowed by section 217, moving expenses are personal expenditures, a taxpayer is entitled to deduct only those items specifically permitted to be deducted by statute. See , affd. . The statute does not provide for a deduction for repairs and improvements to a house already owned by a taxpayer at his new principal place of employment. Therefore, the $ 1,508.59 that petitioner spent in connection with repairing and improving his house are nondeductible personal or capital expenditures. We therefore hold that petitioner is entitled to a deduction of $ 346.04 as moving expenses. *750 Section 162 provides that a taxpayer may deduct all of the ordinary and necessary business expenses paid during the taxable year in carrying on his trade or business, including traveling expenses while away from home in the pursuit of a trade or business. Traveling expenses include amounts expended for meals and lodging while away from home. However, it is now settled that expenses for meals are not allowable as a business expense deduction except where the amount is expended when a taxpayer is away from home overnight. . We have therefore, as best we can from the documents introduced at the trial, determined the total amount petitioner expended for meals and lodging while he was away from home overnight. It is incumbent on petitioner to prove the amount of his deductible expenses, and he has failed to substantiate any greater amount than the $ 536.66 we have found to be deductible except for amounts he spent for meals on days when he was not away from home overnight. Respondent has conceded that petitioner is entitled to deduct the cost of the cleaning of his uniforms, so our findings of the amount he expended for *751 this purpose disposes of this issue. We conclude on the basis of the evidence in this record that petitioner has not shown that he is entitled to any deduction for the cost of cleaning the clothing his wife wore while working as a librarian for the City of Birmingham. Apparently from this record petitioner's wife wore regular street clothes in her work. The cost of cleaning and maintaining clothing worn to work which are adaptable to regular wear is a personal and not a business expense. , affg. a Memorandum Opinion of this Court. We therefore hold that petitioner is not entitled to deduct the cost of the cleaning of his wife's clothes. There was no dispute between the parties as to the deductibility of any other items claimed by petitioner to be deductible except with respect to amounts. Our findings as to the amount of alimony paid by petitioner to his former wife, our findings with respect to the mileage driven by petitioner to and from Montgomery, and our findings with respect to other amounts spent by petitioner dispose of these issues. Decision will be entered under Rule 155. Footnotes
1. On his return petitioner claimed a dependency exemption for his daughter because of payments made to his ex-wife. Respondent denied this deduction and petitioner in his petition admitted that he was not entitled to the dependency exemption, but claimed that the payments he made to his ex-wife were properly deductible as alimony. Respondent conceded that, to the extent petitioner could establish payments to his ex-wife, he was entitled to deduct the amounts as alimony.↩
2. Respondent at the trial conceded that these amounts were deductible by petitioners as business expenses. ↩
3. Respondent at the trial conceded that this amount is deductible.↩
4. Respondent at the trial conceded that petitioner was entitled to deduct travel expenses in connection with his temporary work for mileage driven to and from Montgomery in 1977 and requested that with respect to this issue the Court determine only the total mileage driven as shown by petitioner's records. For this reason, we do not consider the issue of whether the cost to petitioner of driving to and from Montgomery should properly be considered as commuting expenses.↩
5. Respondent also disallowed a casualty loss deduction in the amount of $ 255. Petitioner in his petition alleged error in this regard but offered no evidence at the trial with respect to this item.↩
6. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue unless otherwise stated. Section 217 provides in part as follows: SEC. 217. MOVING EXPENSES. (a) Deduction Allowed.--There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. (b) Definition of Moving Expenses.-- (1) In general.--For purposes of this section, the term "moving expenses" means only the reasonable expenses-- (A) of moving household goods and personal effects from the former residence to the new residence, (B) of traveling (including meals and lodging) from the former residence to the new place of residence, (C) of traveling (including meals and lodging), after obtaining employment, from the former residence to the general location of the new principal place of work and return, for the principal purpose of searching for a new residence, (D) of meals and lodging while occupying temporary quarters in the general location of the new principal place of work during any period of 30 consecutive days after obtaining employment, or (E) constituting qualified residence sale, purchase, or lease expenses. (2) Qualified residence sale, etc., expenses.--For purposes of paragraph (1)(E), the term "qualified residence sale, purchase, or lease expenses" means only reasonable expenses incident to-- (A) the sale or exchange by the taxpayer or his spouse of the taxpayer's former residence (not including expenses for work performed on such residence in order to assist in its sale) which (but for this subsection and subsection (e)) would be taken into account in determining the amount realized on the sale or exchange, (B) the purchase by the taxpayer or his spouse of a new residence in the general location of the new principal place of work which (but for this subsection and subsection (e)) would be taken into account in determining-- (i) the adjusted basis of the new residence, or (ii) the cost of a loan (but not including any amounts which represent payments or prepayments of interest), (C) the settlement of an unexpired lease held by the taxpayer or his spouse on property used by the taxpayer as his former residence, or (D) the acquisition of a lease by the taxpayer or his spouse on property used by the taxpayer as his new residence in the general location of the new principal place of work (not including amounts which are payments or prepayments of rent).↩